UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
JOHN GEORGE, et al., :
:
                Plaintiffs, :
:     03 Civ. 7643 (GEL)
  -against- :
:     **OPINION AND ORDER**
FORD MOTOR COMPANY, :
:
                Defendant. :
:
------------------------------------------------------------x

Thomas J. Murray, Murray & Murray Co., L.P.A., Sandusky, Ohio, and Robert Morici, Morici & Morici, LLP, Garden City, NY, for plaintiffs.

Peter J. Fazio (Robert J. Cecala and Elliott J. Zucker, of counsel) Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY, for defendant.

GERARD E. LYNCH, District Judge:

      In this Court's opinion and order dated August 17, 2007, George v. Ford Motor Co., No. 03 Civ. 7643, 2007 WL 2398806 (S.D.N.Y. Aug. 17, 2007), the Court ordered a Daubert hearing with respect to the proposed testimony of the plaintiffs' expert Sam Sero. The Court noted defendant's argument that the testimony of plaintiffs' other proposed expert witnesses, Dr. William Berg and Dr. Anthony Storace, was dependent on the proposed testimony of Sero, and postponed ruling on that point pending the hearing. Id. at *5. Shortly before the scheduled hearing, however, plaintiffs withdrew Sero as a witness. Defendant sought and was granted leave to move anew with respect to Berg and Storace, arguing that the motion had been inadequately briefed due to page limitations imposed by the judge previously handling the case. Defendant has now moved afresh to exclude the testimony of these witnesses, and to dismiss the

case, and the motion has now been fully briefed. It will be denied.

Defendant's motion misconceives the nature of the plaintiffs' current arguments, and thus the purport of the witnesses' proposed testimony. Much of defendant's argument is devoted to the contention that the witnesses either presuppose the accuracy of Sero's theory that "transient electric signals" triggered a malfunction of the cruise-control system or purport to advance that theory on their own authority. Plaintiffs disavow any such contention, however.

It is common ground that under New York law, a plaintiff in a product liability case "is not required to prove the specific defect," and may proceed by circumstantial proof. Codling v. Paglia, 32 N.Y.2d 330, 337-38 (1973). "In order to proceed in the absence of evidence identifying a specific flaw, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants." Speller v. Sears, Roebuck & Co., 100 N.Y.2d 38, 41-42 (2003), citing Halloran v. Virginia Chems., 41 N.Y.2d 386, 388 (1977) (stating that if plaintiff has "proven that the product has not performed as intended and excluded all causes of the accident not attributable to defendant, the fact finder may, even if the particular defect has not been proven, infer that the accident could only have occurred due to some defect in the product"). The Second Circuit has followed this rule in a case virtually identical to the instant case, reinstating a jury verdict based on circumstantial evidence that an unspecified defect in an automobile caused a sudden acceleration such as that alleged by the plaintiffs here. Jarvis v. Ford Motor Co., 283 F.3d 33, 38 (2d Cir. 2002) ("To prove negligence, [plaintiff] was not required to establish what specific defect caused the [vehicle] to malfunction" by suddenly accelerating.); id. at 44 ("[W]e recognize the settled principle of New York law that a plaintiff in a products liability action is not required to prove a

specific defect when a defect may be inferred from proof that the product did not perform as intended by the manufacturer.").

Following that template, plaintiffs here no longer purport to have identified any particular defect in the cruise control system, and intend to rely on evidence that the car suddenly accelerated, and that no action of the driver, or other failure such as worn or poorly-maintained brakes, contributed to the accident. (P. Opp. 16.) The testimony of Berg and Storace is based on recognized methods and engineering studies and concerns the interaction between the driver, the vehicle and the environment, the human factors that can contribute to automobile accidents, and the mechanisms by which the throttle operates and interacts with the brake mechanisms. This testimony is offered not in order to advance a theory of transient signals, but to exclude possible alternative explanations such as driver error, and to corroborate testimony by occupants of the vehicle about the actions of the driver as they perceived them. The witnesses are qualified to offer such testimony, and the type of analysis they apply is quite similar to that used by Ford's own engineers in analyzing similar accidents.

Defendant's argument that the plaintiffs cannot succeed in raising a material issue for the jury, with or without these witnesses' testimony, is a thinly-disguised (as well as belated and procedurally flawed) motion for summary judgment, in the guise of a motion in limine. Defendant has not provided the statement of undisputed facts required by Local Rule 56.1 for such a motion. In this case, unlike in many others, this is not a mere technical violation, but a symptom of the more fundamental problem that defendant does not provide anything like a full account of the evidence in the record on which the plaintiff relies. Defendant asserts that it will be impossible for plaintiffs to rule out driver error. (see D. Memo 22 ("[P]laintiffs cannot

3

exclude all other causes for the accident, especially in light of the possibility of driver error.");
D. Reply 7). However, defendant simply ignores the fact that the surviving passengers provide considerable evidence of the words and actions of the driver that, if believed by the jury, would tend to refute the driver's responsibility for the crash; it is this testimony that the plaintiffs' expert testimony is intended in part to bolster. Plaintiffs' case may or may not survive a motion for a directed verdict, but judgment for defendant certainly cannot be awarded on the partial and mis-stated record presented by defendant in connection with the present motion.

Accordingly, for the reasons stated above, defendant's motion to exclude the testimony of the proffered expert witnesses Storace and Berg is denied, as is defendant's associated motion to dismiss the case.

SO ORDERED.

Dated: New York, New York
December 10, 2007

GERARD E. LYNCH
United States District Judge