UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
JOHN GEORGE, et al.,                                  :
                                                      :
                    Plaintiffs,                       :
                                                      :      03 Civ. 7643 (GEL)
           -against-                                  :
                                                      :      **ORDER**
FORD MOTOR COMPANY,                                   :
                                                      :
                    Defendant.                        :
                                                      :
------------------------------------------------------x


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/09

GERARD E. LYNCH, District Judge:

    From April 27 to May 4, 2009, a jury trial was held in the above-captioned action. On May 4, 2009, the jury returned a verdict for the defendant, and the complaint was dismissed. Plaintiffs now move for a new trial on the grounds that the Court excluded testimony and other evidence crucial to their case, and that the Court refused to allow them to conduct further inspections and testing of the vehicle's dump valve or to introduce evidence related to that issue. The motion will be denied.

    Plaintiffs' motion primarily takes issue with the Court's rulings on various motions *in limine* or during the trial. For the reasons already stated in the Court's Orders of March 31 and April 13, 2009, and during the trial, plaintiffs' positions are meritless, and nothing in their cursory motion gives any reason to revisit those rulings.

    The same is true of plaintiffs' argument that the Court erred in denying further discovery with respect to the dump valve. That issue was thoroughly discussed in a pretrial conference on July 31, 2008. At that time, the Court declined to permit further inspection of the valve. (7/31/08 Tr. 41-43.) Nothing in the post-trial motion provides any reason to revisit that ruling. The motion is without merit for two further reasons as well. First, the Court expressly stated at the July 2008 conference that it would revisit the ruling if plaintiffs submitted persuasive reasons in writing. (Id. at 43.) Plaintiffs failed to do so, and thus must be held to have abandoned the argument. Second, the discovery issue is moot. The manner in which this case was tried rendered evidence relating to the dump valve wholly irrelevant. At the January 2008 trial, plaintiffs were permitted to introduce evidence relating to the dump valve only after defendant called an expert who gave testimony that opened the door to the issue on cross-examination. Defendant elicited no such expert testimony during the recent trial of this matter, and neither party referred to the dump valve issue in any way. Even if further discovery on the dump valve issue had been ordered, plaintiffs have shown no way in which any resulting evidence would have been relevant to the case. Such evidence therefore would properly have been excluded had plaintiffs sought to introduce it.

For the foregoing reasons, plaintiffs' motion for a new trial is denied.

SO ORDERED.

Dated: New York, New York
May 27, 2009

_____
GERARD E. LYNCH
United States District Judge